IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Pritika Patel, individually,
and as Special Administrator
of the Estate of Rumanbhaim
Patel, aka Raman Patel aka
Rayman Patel, deceased,

     Plaintiffs,

    v.                          Case No. 2:13-cv-499

John A. Zervas, et al.,

     Defendants.

<u>OPINION AND ORDER</u>

This is an action brought by plaintiff Pritika Patel ("Patel"), individually and as special administrator of the estate of Rumanbhaim Patel, against defendants John A. Zervas and John A. Zervas Co., L.P.A.  Patel is a resident of Merrillville, Indiana, and defendants have their principal place of business in Columbus, Ohio.  Plaintiffs assert claims under Ohio law for legal malpractice for failure to prosecute a claim and for negligent handling of a legal matter.

Plaintiffs allege that on December 2, 2011, Patel engaged defendants to pursue an action against Thomas Lambrecht, Thomas Lambrecht Financial Services, and other defendants to recover damages for breach of contract and fiduciary duties arising out of the sale of a Scottish Inn in Bloomington, Indiana. Complaint, ¶ 9. Defendants, as counsel, filed the action in the Court of Common Pleas of Athens County, Ohio.  Complaint, ¶ 10.  Patel paid defendants attorney fees in the amount of $19,000.  Complaint, ¶ 11.  Plaintiffs allege that defendants failed to prosecute the action, which was dismissed without prejudice on October 25, 2012.

Complaint, ¶ 12.  Plaintiffs further contend that defendants failed to respond to motions to dismiss filed in that action, that defendants were given a show cause order by the Athens County court for failure to proceed, that defendants failed to appear at a hearing on a motion to dismiss and a status conference on October 15, 2012, and that defendants have taken no further action to protect the plaintiffs' claims.  Complaint, ¶¶ 13-15, 17. Plaintiffs further allege that Patel has suffered a loss of $50,000 as a result of defendants' failure to prosecute her claims. Complaint, ¶ 16.  Plaintiffs allege that defendants negligently failed to prosecute their claims, to respond to the motion to dismiss, or to present evidence sufficient to set aside the judgment of the trial court under Ohio R. Civ. P. 60(b), thereby failing to conform to the standard of care required by law. Plaintiffs allege that defendants' negligence caused plaintiffs irreparable harm, and that there was a causal relationship between defendants' negligent conduct and plaintiffs' failure to recover their damages in the state court action.  Complaint, ¶¶ 19-27.

This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for failure to meet the $75,000 amount-in-controversy requirement for diversity jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

I. Motion to Dismiss Based on Lack of Diversity Jurisdiction

Defendants have filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), contending that the complaint fails to allege damages in an amount sufficient to satisfy the $75,000 amount-in-controversy requirement for

diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332(a). Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. <u>DXL, Inc. v. Kentucky</u>, 381 F.3d 511, 516 (6th Cir. 2004).

"To defeat diversity jurisdiction, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" <u>Charvat v. GVN Michigan, Inc.</u>, 561 F.3d 623, 628 (6th Cir. 2009)(quoting <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938)); <u>see also</u> <u>Saglioccolo v. Eagle Ins. Co.</u>, 112 F.3d 226, 232 (6th Cir. 1997). "Generally, the amount claimed by the plaintiff in the complaint rules, as long as claimed in good faith[.]" <u>Charvat</u>, 561 F.3d at 628; <u>Jones v. Knox Exploration Corp.</u>, 2 F.3d 181, 182 (6th Cir. 1993). Dismissal is proper if the amount alleged in the complaint was never recoverable in the first instance, such as where applicable law bars the type of damages sought by plaintiff. <u>Id.</u>; <u>see also</u> <u>Kovacs v. Chesley</u>, 406 F.3d 393, 396 (6th Cir. 2005)(noting that most courts have found a legal certainty that more than the jurisdictional amount could not be recovered only where the applicable state law barred the type of damages sought by plaintiff). In determining whether the amount-in-controversy requirement has been met, punitive damages must be considered unless it is apparent to a legal certainty that punitive damages cannot be recovered. <u>Hayes v. Equitable Energy Resources Co.</u>, 266 F.3d 560, 572 (6th Cir. 2001).

In a diversity case, this court must apply the substantive law of the forum state; in this case, the substantive law of Ohio governs. <u>Lutz v. Chesapeake Appalachia, L.L.C.</u>, 717 F.3d 459, 464

(6th Cir. 2013); <u>Armisted v. State Farm Mut. Automobile Ins. Co.</u>, 675 F.3d 989, 995 (6th Cir. 2012).  The Federal Rules of Civil Procedure control pleading in diversity cases.  <u>Lutz</u>, 717 F.3d at 475.

The complaint in the instant case states that the "amount in controversy exceeds the jurisdictional threshold for a proceeding in a federal district court being greater than $75,000." Complaint, ¶ 4.  Plaintiffs allege that Patel paid defendants $19,000 in attorney fees for services that were not rendered, and that Patel suffered a loss of $50,000 when defendants failed to prosecute her claim.  Complaint, ¶¶ 11, 16.  These amounts aggregate to a claim for $69,000 in compensatory damages. Plaintiffs also pray for an award of punitive damages.  Complaint, Prayer ¶ C.  While no amount of punitive damages is specified, Ohio law permits the entry of a judgment for punitive damages not to exceed two times the amount of compensatory damages awarded to the plaintiff from any one defendant.  <u>See</u> Ohio Rev. Code §2315.21(D)(2)(a).  Under this provision, plaintiff could conceivably be awarded up to $138,000 in punitive damages.  These amounts, when aggregated, satisfy the jurisdictional requirement.

Defendants argue that plaintiffs have failed to adequately plead malice, a prerequisite for recovering punitive damages under Ohio law.  Ohio Rev. Code §2315.21(C) provides that punitive damages are not recoverable unless (1) the actions or omissions of the defendant demonstrate malice or aggravated or egregious fraud, and (2) the trier of fact has returned a verdict or made a determination that compensatory damages are recoverable by plaintiff from the defendant.  Ohio Rev. Code §2315.21(C)(1) and

(2).  Actual malice exists when the facts demonstrate either (1) a state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of others that has a great probability of causing substantial harm.  Calmes v. Goodyear Tire Rubber Co., 61 Ohio St.3d 470, 473, 575 N.E.2d 416 (1991).  In a case of conscious disregard, the court must review the evidence to determine if reasonable minds can differ as to whether the defendant was aware that his act had a great probability of causing substantial harm, and if sufficient evidence was presented that the defendant consciously disregarded "the injured party's rights or safety."  Preston v. Murty, 32 Ohio St.3d 334, 336, 512 N.E.2d 1174 (1987); see also Magical Farms, Inc. v. Land O'Lakes, Inc., 356 Fed.Appx. 795, 798 (6th Cir. 2009)(noting that under Ohio law, a conscious disregard for another person's property rights alone is sufficient to establish malice).

Defendants note that the plaintiffs have asserted only legal malpractice claims based on negligence.  Although Ohio law requires an award of punitive damages to be based on something more than mere negligent conduct, see Preston, 32 Ohio St.3d at 335, "a claim based on negligence can provide the basis for an award of punitive damages if there is an adequate showing of actual malice."  Burns v. Prudential Securities, Inc., 167 Ohio App.3d 809, 843, 857 N.E.2d 621 (2006); see also Moskovitz v. Mt. Sinai Medical Center, 69 Ohio St.3d 638, 650, 635 N.E.2d 331 (1994)(noting that award of compensatory damages for medical malpractice claim "formed the necessary foundation for the award of punitive damages").  Therefore, even though plaintiffs' underlying legal malpractice

claims are pleaded as negligence claims, recovery of compensatory damages on these claims could provide a basis for an award of punitive damages if the evidence establishes that defendants acted with malice.

Punitive damages need not be specially pleaded or claimed. Lambert v. Shearer, 84 Ohio App.3d 266, 273, 616 N.E.2d 965 (1992). However, plaintiff must allege facts in the complaint from which the essential element of actual malice may be inferred. Id., 84 Ohio App.3d at 274; Flex Homes, Inc. v. Ritz-Craft Corp. of Michigan, Inc., 721 F.Supp.2d 663, 675 no. 10 (N.D.Ohio 2010)(under Ohio law, plaintiff must allege in the complaint facts sufficient to raise an inference of actual malice in order to present a claim for punitive damages); see also Charvat, 630 F.3d at 462-63 (noting that "Charvat's pleadings leave it unclear whether he has 'plausibl[y]' made sufficient allegations to satisfy [the Ohio law requirements for punitive damages] with respect to his common law ... claims").

The complaint in the instant case alleges that defendants failed to prosecute plaintiffs' claim in the Athens County Common Pleas Court for more than one year, that defendants failed to respond to motions to dismiss, that defendants were given a show cause order for failure to appear, that defendants failed to appear at a hearing on a motion to dismiss or a status conference on October 15, 2012, and that the plaintiffs' complaint was dismissed without prejudice on October 25, 2012.   Complaint, ¶¶ 12-15. Plaintiffs further allege that defendants had the opportunity following the dismissal of the action to present evidence sufficient to warrant setting aside the judgment of the trial court

6

under Ohio Rule 60(b), but failed to take any further action to
protect plaintiffs' claims.  Complaint, ¶¶ 17, 25.  These
allegations are sufficient to allege that defendants acted with a
conscious disregard for plaintiffs' legal rights, and that
defendants were aware that their failure to pursue plaintiffs'
legal claims had a great probability of causing substantial harm to
plaintiffs' rights.  See  Calmes, 61 Ohio St.3d at 473; Preston, 32
Ohio St.3d at  336.  The complaint contains allegations sufficient
to raise an inference of actual malice as a basis for an award of
punitive damages.

## II. Motion to Dismiss for Failure to State a Claim

Defendants also argue that plaintiffs' complaint fails to
state a claim for legal malpractice under Ohio law.  In ruling on
a motion to dismiss under Rule 12(b)(6), the court must construe
the complaint in a light most favorable to the plaintiff, accept
all  well-pleaded  allegations  in  the  complaint  as  true,  and
determine whether plaintiff undoubtedly can prove no set of facts
in support of those allegations that would entitle him to relief.
Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent
Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey
v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005).  To survive a motion
to  dismiss,  the  "complaint  must  contain  either  direct  or
inferential  allegations  with  respect  to  all  material  elements
necessary to sustain a recovery under some viable legal theory."
Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).

In order to recover on a claim for legal malpractice under
Ohio law, plaintiff must show: (1) that the attorney owed a duty or
obligation to the plaintiff, (2) that there was a breach of that

7

duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. Vahila v. Hall, 77 Ohio St.3d 421, 427, 674 N.E.2d 1164 (1997). Although the plaintiff may be required at some point to provide some evidence of the merits of the underlying claim, plaintiff is not required to prove that he or she would have been successful in the underlying matter.  Id., 77 Ohio St.3d at 428.

Defendants argue that plaintiffs have failed to show a causal connection between defendants' failure to act to prevent the dismissal of plaintiffs' state court action without prejudice and the damages plaintiffs' allegedly sustained as a result of that dismissal because plaintiffs could have refiled their action within a year of the dismissal under the provisions of Ohio Revised Code §2305.19, the Ohio savings statute.  Section 2305.19(A) provides that an action may be refiled "within one year after the date of ... plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."

In this case, plaintiffs have alleged that they were not compensated for their losses as a direct cause of defendants' negligence in not prosecuting the case, and that there was a causal relationship between defendants' negligent conduct and plaintiffs' failure to recover their damages.  Complaint, ¶¶ 21-22.  It is not clear what effect the savings provision would have on plaintiffs' Athens County case.  The one-year period expired on October 25, 2013, and it is unknown whether the original applicable statute of limitations has expired as well.  At this stage of the proceedings,

8

defendants cannot avoid liability for legal malpractice on a silent record simply by arguing that their clients may have been able to independently refile their claims.  While defendants may ultimately prevail on the issue of causation, the argument defendants now make is in the nature of a defense which is better suited to being raised in summary judgment proceedings.  See Kovacs, 406 F.3d at 397 (noting that arguments that the defendant will prevail on the merits in a legal malpractice action under Ohio law "are more appropriately made in support of a motion for summary judgment").

III. Conclusion

In conclusion, the court cannot say that it appears to a legal certainty that plaintiffs' claims are really for less than the jurisdictional amount.  The allegations in the complaint are sufficient to satisfy the amount-in-controversy requirement for diversity jurisdiction.  In addition, defendants' invocation of the Ohio savings statute as a defense does not warrant dismissal of plaintiffs' legal malpractice claims at this stage of the case. Defendants' motion to dismiss (Doc. 6) is denied.


Date: December 10, 2013        _____s/James L. Graham_____
                              James L. Graham
                              United States District Judge